IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

v.                              No. 4:10-CR-00189 BSM

BRIAN WHITE

**PRELIMINARY ORDER OF FORFEITURE**

IT IS HEREBY ORDERED THAT:

1. As the result of the guilty plea to Count Two of the Indictment, and a stipulation of the defendant in which he agreed to the forfeiture the Government sought pursuant to 18 U.S.C. § 2253 defendant shall forfeit to the United States:

a. All property used or intended to be used in any manner or part to commit the commission of offenses involving 18 U.S.C. § 2252(a)(4)(B).

- HP Pavilion (SN: 2CE75155N6)
- Gateway desktop computer (SN: 00357721544)
- Kingston 256mb thumb drive
- Gateway keyboard (SN: D248044)
- Microsoft wireless mouse (Model: 1009)
- Gateway monitor (SN: HA19HVELA1169BF)
- Olympus digital recorder (Model: VN-3100PC)
- Sony video tape
- Maxtor 80 GB hard drive (SN: 732QTD43)
- Misc documentation and photos of nude female minors
- Nikon D-40 with lens
- SanDisk 1GB Extreme SD card
- Palm 64MB SD card
- Panasonic 2 GB SD card in camera
- Camera bag with cables
- 4 CDs
- HP Printer (SN: CNB2701756)

2.  It is determined, based on the evidence already in the record, that the following property is subject to forfeiture pursuant to 18 U.S.C. § 2253, and the government has established the requisite nexus between such property and such offenses :

- HP Pavilion (SN: 2CE75155N6)
- Gateway desktop computer (SN: 00357721544)
- Kingston 256mb thumb drive
- Gateway keyboard (SN: D248044)
- Microsoft wireless mouse (Model: 1009)
- Gateway monitor (SN: HA19HVELA1169BF)
- Olympus digital recorder (Model: VN-3100PC)
- Sony video tape
- Maxtor 80 GB hard drive (SN: 732QTD43)
- Misc documentation and photos of nude female minors
- Nikon D-40 with lens
- SanDisk 1GB Extreme SD card
- Palm 64MB SD card
- Panasonic 2 GB SD card in camera
- Camera bag with cables
- 4 CDs
- HP Printer (SN: CNB2701756)

3.  Upon the entry of this order, the Director of Homeland Security (or a designee) is authorized to seize the property subject to forfeiture, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4.  Upon entry of this order, the Director of Homeland Security (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this order.

5.  The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the Director of Homeland Security (or a designee) may direct.

The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

6. Any person, other than the above named defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the order of forfeiture, pursuant to 18 U.S.C. § 2253, which incorporates 21 U.S.C. § 853(n).

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this preliminary order of forfeiture shall become final as to the defendant at the time of sentencing or before sentencing if the defendant consents and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim and the relief sought.

9. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the subject property following the disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n) for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED this 28th day of April, 2011.

                                                                            UNITED STATES DISTRICT JUDGE